UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | No. 2:17-cv-2173 MCE KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, review of court records reveals that on at least six occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

The Court takes judicial notice of case numbers Blackman v. Hartwell, No. 1:99-cv-05822 REC HGB (E.D. Cal.) (dismissed 03/12/2001 for failure to state a claim); Blackman v. Medina No. 3:05-cv-05390 SI (N.D. Cal.) (dismissed 03/13/2006 for failure to state a claim); Blackman v. Variz, No. 3:06-cv-06398 SI (N.D. Cal.) (dismissed 12/18/2006 for failure to state a claim); and Blackman v. Taxdahl, No. 1:04-cv-06389 AWI DLB (E.D. Cal.) (dismissed 05/18/2007 for failure to state a claim); Blackman v. Mantel, No. 3:07-cv-02609 SI (N.D. Cal.) (dismissed

1

9/5/2007 for failure to state a claim); and Blackman v. Evans, No. 1:06-cv-00081-GSA (E.D. Cal.) (dismissed 2/3/2009 for failure to state a claim).

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned has reviewed plaintiff's amended complaint, and plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury. Rather, plaintiff argues certain defendants are "obstructing justice"[1] by interfering with his ability to exhaust his administrative remedies to "stop plaintiff from appearing in court for a court hearing on criminal charges filed against plaintiff."[2] (ECF No. 6 at 5.) Such allegations do not plausibly suggest he faced imminent danger of serious physical injury at the time he filed the complaint.

---

[1] The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

[2] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Because the PLRA governs suits about prison conditions, plaintiff is not required to exhaust administrative remedies in connection with filings in any criminal case. If plaintiff is attempting to obtain habeas relief under 28 U.S.C. § 2254, he must exhaust state court remedies prior to filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Such a petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

1 | Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.
2 | In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit,
3 | within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to
4 | comply with this order will result in a recommendation that this action be dismissed.
5 | Dated: November 6, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/blac2173.1915g